1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11  JESUS JORGE FLORES-RAMIREZ,      Case No. CV 17-2360 SJO (SS)

12              Plaintiff,
                                     **MEMORANDUM DECISION AND ORDER**
13      v.
                                     **DISMISSING COMPLAINT WITH**
14  THREE UNKNOWN FEDERAL TASK
    FORCE AGENTS, et al.,            **LEAVE TO AMEND**
15
              Defendants.
16

17                              **I.**

18                          **INTRODUCTION**

19

20      Pending before the Court is a civil rights complaint filed by

21  Jesus Jorge Flores-Ramirez ("Plaintiff"), a federal prisoner

22  proceeding <u>pro se</u> but not <u>in forma pauperis</u>,[1] pursuant to <u>Bivens</u>

23  <u>v. Six Unknown Named Agents Of Federal Bureau Of Narcotics</u>, 403

24  U.S. 388 (1971).[2] ("Complaint" or "Compl.," Dkt. No. 1). Congress

25  _____
    [1] Plaintiff paid the full filing fee on November 15, 2017. (Dkt.
26  No. 12).

27  [2] The caption of the Complaint states that it is brought under 42
    U.S.C. § 1983.   However, section 1983 claims must allege a
28  violation of federal constitutional or statutory rights by persons

mandates that the court screen, as soon as practicable, "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court may dismiss such a complaint, or any portion of it, before service of process if the court concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). Screening applies even if, as here, the prisoner-plaintiff has paid the filing fee in full. See, e.g., Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (section 1915A applies to civil complaints by prisoners against government defendants "regardless of whether the prisoner has paid a filing fee"). For the reasons stated below, the Complaint is DISMISSED with leave to amend.[3]

_____

acting under color of state law, and none of the Defendants is a state employee. Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). An action brought against agents acting under color of federal law, as here, is properly brought under Bivens. Morgan v. United States, 323 F.3d 776, 780 (9th Cir. 2003). "[Section] 1983 serves the same purpose for state officials as do Bivens suits for federal officials." Ward v. Caulk, 650 F.2d 1144, 1148 (9th Cir. 1981) (citing Carlson v. Green, 446 U.S. 14, 24 n.11 (1980)).

Because "[a]ctions under § 1983 and those under Bivens are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens[,]" Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991), courts routinely apply cases discussing § 1983 claims to Bivens claims. See, e.g., Velasquez v. Senko, 643 F. Supp. 1172, 1179 n.11 (N.D. Cal. 1986) ("[T]his Court relies on cases construing § 1983 to determine the propriety of Bivens claims against federal officers.").

[3] A magistrate judge may dismiss a complaint with leave to amend without the approval of a district judge. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

2

# II.

## ALLEGATIONS OF THE COMPLAINT

Plaintiff sues (1) "three unk[nown] Federal Task Force Agents," (2) an "Unknown Federal Task Force Agency," and (3) "one unk[nown] Federal Task Force Supervisor." (Compl. at 1). Plaintiff states that the "unknown Federal Task Force Supervisor" is named as a defendant for failure to train and supervise the agents who "illegally" arrested him. (Id. at 3). The "unknown Federal Task Force Agency" is named because it is the entity the individual Defendants work for. (Id.).

The Complaint alleges that three federal agents "burst into [Plaintiff's] residence" without a warrant or any resident's permission at 10:00 p.m. on September 18, 2014. (Id. at 1). All of the agents were armed and pointed their weapons at Plaintiff, his wife, their four children, and their friends. (Id. at 1-2). The agents separated Plaintiff's 15-year old son from his parents and interrogated him about "a drug deal that [had] occurred three weeks earlier." (Id. at 2). The agents questioned Plaintiff, his wife and their children about their immigration status, threatened to deport Plaintiff's wife and children, and told Plaintiff to take "one last look at his family" because he would not see them again. (Id. at 2-3). The agents "illegally seized two cell phones and a red 49'ers cap" during the raid. (Id. at 2).

The agents handcuffed Plaintiff and took him to a nearby parking lot, where they interrogated him. (Id. at 3). Plaintiff

was not given a written <u>Miranda</u> waiver form, and while he "was advised [orally] of some <u>Miranda</u> rights," they "were never the less [sic] violated." (<u>Id.</u>). The agents threatened to arrest Plaintiff's 15-year old son and once again threatened to deport Plaintiff's wife and remaining children, or have them separated in "far off foster homes." (<u>Id.</u>). The Complaint makes passing reference to Plaintiff's subsequent conviction and appeal, but does not discuss their substance or outcome.[4] (<u>Id.</u> at 2-3).

---

[4] The Court takes judicial notice of Plaintiff's criminal proceedings in this Court and the Ninth Circuit. <u>See</u> <u>In re Korean Air Lines Co., Ltd.</u>, 642 F.3d 685, 689 n.1 (9th Cir. 2011) (a court may take judicial notice of a court's own records in other cases and the records of other courts).

Plaintiff was convicted in a bench trial on one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and one count of distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(ii). (<u>See</u> <u>United States v. Jesus Jorge Flores-Ramirez</u>, C.D. Cal. CR 14-689 PA, Dkt. No. 96). Plaintiff challenged his conviction and sentence in the Ninth Circuit, arguing, <u>inter alia</u>, that his confession was the fruit of an unlawful, warrantless search; that his confession and waiver of <u>Miranda</u> rights were involuntary because the agents coerced him with explicit and implicit threats to his family; and that the district court erred in denying downward adjustments for acceptance of responsibility and Plaintiff's minor role in the conspiracy. (<u>See</u> <u>United States of America v. Jesus Jorge Flores-Ramirez</u>, 9th Cir. Case No. 15-50330, Dkt. No. 26, at 20-44).

On October 18, 2017, the Ninth Circuit affirmed Plaintiff's conviction but remanded for resentencing in light of an intervening decision making retroactive certain factors for minor role reduction. (<u>Id.</u>, Dkt. No. 146 at 3). The entirety of the Court's affirmance of Plaintiff's conviction reads:

> Even assuming that the district court erred by admitting [Plaintiff's] confession, any error was harmless because the evidence of guilt was overwhelming. <u>United States v. Butler</u>, 249 F.3d 1094, 1101 (9th Cir. 2001). Among other things, Special Agent Baker identified [Plaintiff] at trial as the individual who delivered cocaine to him. Baker also testified that he and [Plaintiff] identified one another through code names and the serial number on a dollar bill. Baker and the other government agents communicated, through an encrypted Blackberry, with an intermediary in arranging [Plaintiff's] delivery.

1      Plaintiff claims that the agents' actions violated his Fourth

2 Amendment rights against illegal search and seizure and his Eighth

3 Amendment rights against cruel and unusual punishment due to the

4 agents' use of "excessive force." (Id. at 1). Plaintiff further

5 alleges that the agents coerced his confession and Miranda waiver

6 "by verbally threatening his family and physically pointing their

7 guns" at them in violation of his Fifth and Sixth Amendment rights.

8 (Id. at 4). Plaintiff seeks ten million dollars in damages. (Id.).

9

10                             **III.**

11                     **DISCUSSION**

12

13      Under 28 U.S.C. § 1915A(b), the Court must dismiss the

14 Complaint due to pleading defects. However, the Court must grant

15 a pro se litigant leave to amend his defective complaint unless

16 "it is absolutely clear that the deficiencies of the complaint

17 could not be cured by amendment." Akhtar v. Mesa, 698 F.3d 1202,

18 1212 (9th Cir. 2012) (citation and internal quotation marks

19 omitted). For the reasons discussed below, it is not "absolutely

20 clear" that at least some of the defects of Plaintiff's Complaint

21 could not be cured by amendment. The Complaint is therefore

22 DISMISSED with leave to amend.

23 \\

24 \\

---

25      Photographs and an audio recording captured the

26      transaction.

27 (Id. at 2). On remand, the district court resentenced Plaintiff
to one hundred twenty-one months on each of the two counts for
which he was convicted, to be served concurrently. (Flores-

28 Ramirez, C.D. Cal. CR 14-689, Dkt. No. 155).

**A.    The "Unnamed Task Force Agency" Is An Improper Defendant**

Plaintiff names an "Unknown Federal Task Force Agency" as a Defendant.  However, a civil rights action under <u>Bivens</u> may be brought only against federal employees, not the United States or its agencies.  <u>Correctional Services Corp. v. Malesko</u>, 534 U.S. 61, 72 (2001); <u>id.</u> at 70-71 (because the "purpose of <u>Bivens</u> is to deter individual federal officers from committing constitutional violations," the "deterrent effects of the <u>Bivens</u> remedy would be lost" if the Court "were to imply a damages action directly against federal agencies").  As such, "no <u>Bivens</u>-like cause of action is available against federal agencies or federal agents sued in their official capacities."  <u>Ibrahim v. Dept. of Homeland Sec.</u>, 538 F.3d 1250, 1257 (9th Cir. 2008).  Accordingly, any <u>Bivens</u> claims against the Unknown Federal Task Force Agency must be dismissed.

**B.    Plaintiff Fails To State A Claim Against The Individual Defendants**

To establish a civil rights violation, a plaintiff must show either the defendant's direct, personal participation in the constitutional violation, or some sufficient causal connection between the defendant's conduct and the alleged violation.  <u>See</u> <u>Starr v. Baca</u>, 652 F.3d 1202, 1205-06 (9th Cir. 2011).

\\

\\

\\

\\

## 1.    The Unnamed Agents

The Complaint alleges that three "unknown Federal Task Force agents" violated Plaintiff's constitutional rights in effecting his arrest.  Generally, courts do not favor actions against "unknown" defendants.  <u>Wakefield v. Thompson</u>, 177 F.3d 1160, 1163 (9th Cir. 1999).  However, a plaintiff may sue unnamed defendants when the identity of the alleged defendants is not known before filing the complaint.  <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980).  If that is the case, a court gives the plaintiff "the opportunity through discovery to identify unknown defendants, unless it is clear that discovery would not uncover the identities."  <u>Id.</u>  A plaintiff must diligently pursue discovery to learn the identity of unnamed defendants.

Here, however, the claims against the unnamed Defendants must be dismissed because the Complaint fails to state what each of these Defendants <u>separately</u> did in their individual capacity to violate Plaintiff's rights.  To state a claim against more than one unnamed Defendant, Plaintiff must identify each Doe Defendant as "Doe No. 1, Doe No. 2," etc., in the body of the Complaint and show how each Defendant individually participated in the alleged constitutional violations, whether or not Plaintiff knows the Defendant's name.  Furthermore, Plaintiff's failure to identify even the agency the individual Defendants work for would make it impossible to learn the individual agents' names through discovery, much less to serve the Complaint.  If Plaintiff wishes to pursue his claims, he must make an effort to identify the agents' names

1    or at the very least the agency they worked for, either by
2    consulting with his trial or appellate attorneys, by examining
3    records from his criminal proceedings, or by some other method.
4    Accordingly, the Complaint must be dismissed, with leave to amend.

6        **2.    Unnamed Supervisor**

8        Government officials may not be held liable under Bivens
9    simply because their subordinates engaged in unconstitutional
10   conduct.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Where
11   a plaintiff names a supervisor as a defendant but does not allege
12   that the supervisor directly participated in the constitutional
13   violation, a "sufficient causal connection" to the violation may
14   be shown where the supervisor "set 'in motion a series of acts by
15   others, or knowingly refused to terminate [such acts], which he
16   knew or reasonably should have known, would cause others to inflict
17   the constitutional injury.'"  Levine v. City of Alameda, 525 F.3d
18   903, 907 (9th Cir. 2008) (quoting Larez v. City of Los Angeles,
19   946 F.2d 630, 646 (9th Cir. 1991)); see also Preschooler II v.
20   Clark County Bd. of Trustees, 479 F.3d 1175, 1183 (9th Cir. 2007)
21   (a supervisor may be held accountable only "for his own culpable
22   action or inaction in the training, supervision, or control of his
23   subordinates, for his acquiescence in the constitutional
24   deprivations of which the complaint is made, or for conduct that
25   showed a reckless or callous indifference to the rights of
26   others").
27   \\
28   \\

1    Plaintiff attempts to sue "One Unknown Federal Task Force

2    Supervisor" for failure to train and supervise the three individual

3    agents who effected his arrest.  (Compl. at 1).  "[I]nadequacy of

4    police training may serve as the basis for [civil rights] liability

5    only where the failure to train amounts to deliberate indifference

6    to the rights of persons with whom the police come into contact."

7    City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989); see also

8    Canell v. Lightner, 143 F.3d 1210, 1213 (9th Cir. 1998) (to prevail

9    on a failure to train claim, the plaintiff must establish that the

10   "failure to train amounted to deliberate indifference").  At the

11   same time, at the pleading stage, Plaintiff is not required to

12   allege a failure to train claim with a high degree of specificity.

13   See, e.g., Velasquez v. Senko, 643 F. Supp. 1172, 1179 (N.D. Cal.

14   1986) ("Plaintiffs are not privy to the training and supervision

15   of INS and Border Patrol agents, and before discovery cannot be

16   expected to plead that on a certain day, at a certain time,

17   supervisor X failed to adequately train or supervise agent Y.  It

18   is sufficient for purposes of Rule 8 that plaintiffs allege conduct

19   from which a reasonable inference may be drawn that these agents

20   did not receive proper training or supervision.").

21

22   Plaintiff's conclusory failure to train allegation does not

23   even identify the kind of training that Plaintiff believes

24   Defendants should have received, but presumably did not.

25   Accordingly, the claim against the supervisor must be dismissed,

26   with leave to amend.  See Hell's Angels Motorcycle Corp. v. Cnty.

27   of Monterey, 89 F. Supp. 2d 1144, 1148 (N.D. Cal. 2000) (dismissing

28   failure to train claim for failing to plead defendant's deliberate

indifference); <u>Harris v. Business, Trasp. and Housing Agency</u>, 2007 WL 1574553, at *5 (N.D. Cal. May 30, 2007) (although "a plaintiff need not show with great specificity how each defendant contributed to the violation of his civil rights," a bare allegation that the defendants were responsible for supervising their employees was insufficient to state a failure to train and supervise claim); <u>Meyer v. San Francisco Pub. Library</u>, 2017 WL 3453364, at *5 (N.D. Cal. Aug. 11, 2017) ("purely conclusory" allegations that defendant failed to train employees "are not sufficient to state a claim"). Accordingly, the Complaint must be dismissed, with leave to amend.

**C.  <u>Some Of Plaintiff's Claims May Be Barred By The Doctrine In Heck v. Humphrey</u>**

In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the Supreme Court held that a civil rights complaint for money damages must be dismissed if judgment in favor of the plaintiff would undermine the validity of his conviction or sentence. <u>Id.</u> at 486-87. The <u>Heck</u> Court explained that:

> to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of

a writ of habeas corpus.  A claim for a sentence that
has not been so invalidated is <u>not</u> cognizable under
§ 1983.

<u>Id.</u>; <u>see also</u> <u>Matz v. Klotka</u>, 769 F.3d 517, 530 (7th Cir. 2014)
(<u>Heck</u> barred Fifth Amendment claim alleging coerced confession
where "the judge relied heavily on [plaintiff's] confession" at
sentencing).  The <u>Heck</u> doctrine applies to <u>Bivens</u> actions.  <u>See</u>
<u>United States v. Crowell</u>, 374 F.3d 790, 795 (9th Cir. 2004).

However, the <u>Heck</u> Court also explained that if a "plaintiff's
action, even if successful, will <u>not</u> demonstrate the invalidity of
any outstanding criminal judgment against the plaintiff, the action
should be allowed to proceed, in the absence of some other bar to
the suit."   <u>Heck</u>, 512 U.S. at 487 (footnotes omitted).
Accordingly, the Ninth Circuit has found in a case where the
plaintiff's assault conviction had not been overturned that while
the <u>Heck</u> doctrine barred a false arrest claim requiring a finding
that there was no probable cause to arrest the plaintiff, <u>Heck</u>
would not preclude the same plaintiff's excessive force claim
"[b]ecause a successful section 1983 action for excessive force
would not necessarily imply the invalidity of [plaintiff's] arrest
or conviction[.]"  <u>Smithart v. Towery</u>, 79 F.3d 951, 952 (9th Cir.
1996) (per curiam).

Fourth Amendment claims alleging illegal search and seizure
"are not entirely exempt from the <u>Heck</u> analysis."  <u>See, e.g.</u>,
<u>Whitaker v. Garcetti</u>, 486 F.3d 572, 583-84 (9th Cir. 2007) (claim

alleging that defendants falsified warrant application was <u>Heck</u>-barred because it challenged the "search and seizure of the evidence upon which [plaintiff's] criminal charges and convictions were based"); <u>Szajer v. City of Los Angeles</u>, 632 F.3d 607, 611 (9th Cir. 2011) (<u>Heck</u> barred claim alleging that there was no probable cause to search for the illegal weapons used to secure plaintiffs' conviction). Nonetheless, the <u>Heck</u> court offered an example of a Fourth Amendment claim that would not be barred by the <u>Heck</u> doctrine:

> For example, a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, <u>see</u> <u>Murray v. United States</u>, 487 U.S. 533, 539 (1988), and especially harmless error, <u>see</u> <u>Arizona v. Fulminante</u>, 499 U.S. 279, 307–308 (1991), such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful. In order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, <u>see</u> <u>Memphis Community School Dist. v. Stachura</u>, 477 U.S. 299, 308 (1986), which, we hold today, does not

1    encompass the "injury" of being convicted and imprisoned

2        (until his conviction has been overturned).

3

4    Heck, 512 U.S. at 487 n.7 (parallel reporter citations omitted).

5

6        Plaintiff alleges that federal agents entered his residence

7    without a warrant or permission, conducted an unlawful search of

8    the premises, and improperly arrested him.  The specific scope and

9    bases of Plaintiff's claims are not entirely clear.  However, to

10   the extent the alleged search and seizure resulted in any criminal

11   proceedings against Plaintiff, the Heck doctrine may bar civil

12   rights claims that, if successful, would invalidate his criminal

13   convictions.  In any amended complaint, Plaintiff should consider

14   whether the alleged claims are barred by the Heck doctrine.

15   Furthermore, for any Fourth Amendment claims not subject to a Heck

16   bar, Plaintiff must show compensable harm to him personally apart

17   from the fact of his incarceration.  Accordingly, these claims are

18   dismissed, with leave to amend.

19

20   **D.    Plaintiff Fails To State An Eighth Amendment Claim**

21

22        Plaintiff    claims,    without    further    explanation,    that

23   Defendants' use of "excessive force" violated his Eighth Amendment

24   right to be free from cruel and unusual punishment.  (Compl. at

25   1).  However, the Eighth Amendment's protections apply "'only after

26   the    State    has    complied    with    the    constitutional    guarantees

27   traditionally associated with criminal prosecutions.'"  Graham v.

28   Connor, 490 U.S. 386, 393 n.6 (quoting Ingraham v. Wright, 430 U.S.

13

651, 671 n.40 (1977)); see also P.B. v. Koch, 96 F.3d 1298, 1303 n.4 (9th Cir. 1996) ("[A] convicted prisoner is protected from excessive force by the Eighth Amendment and a citizen being arrested or investigated is protected from excessive force by the Fourth Amendment."). Because Plaintiff had not been convicted at the time of the alleged incident, his excessive force claim arises under the Fourth Amendment, not the Eighth Amendment. Accordingly, the Complaint must be dismissed, with leave to amend.

**E.    Plaintiff Fails To State An Excessive Force Claim**

"[A]ll claims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other seizure of a free citizen should be analyzed under the Fourth Amendment and its reasonableness standard." Hooper v. County of San Diego, 629 F.3d 1127, 1133 (9th Cir. 2011). To state a Fourth Amendment excessive force claim, a plaintiff must allege both that he was "seized" and that the seizure was effected with unreasonable force. See Brower v. Cnty. of Inyo, 489 U.S. 593, 599 (1989) ("'Seizure' alone is not enough for § 1983 liability; the seizure must be 'unreasonable.'").

"Force is excessive when it is greater than is reasonable under the circumstances." Santos v. Gates, 287 F.3d 846, 854 (9th Cir. 2002) (citing Graham, 490 U.S. at 395). The Ninth Circuit instructs that the reasonableness of the force used is not determined solely by the presence or absence of physical contact:
\\

\\

      The police arsenal includes many different types of

      force, which intrude upon the Fourth Amendment rights of

      the individual to varying degrees.  We have recognized

      that "physical blows or cuts" often constitute a more

      substantial application of force than categories of

      force that do not involve a physical impact to the body.

      Forrester v. City of San Diego, 25 F.3d 804, 807 (9th

      Cir. 1994) (holding that the use of a progressive pain

      compliance device that inflicted temporary discomfort on

      the arrestees was not a substantial intrusion).  The

      absence of concussive force is not determinative,

      however, and "[w]e have held that force can be

      unreasonable even without physical blows or injuries."

      Bryan v. MacPherson, 630 F.3d 805, 824 (9th Cir. 2010);

      see also Motley v. Parks, 432 F.3d 1072 (9th Cir. 2005)

      (en banc) (pointing a weapon at unarmed child was

      unreasonable); Robinson v. Solano County, 278 F.3d 1007

      (9th Cir. 2002) (en banc) (pointing a weapon at unarmed

      and non-threatening individual was unreasonable).

Nelson v. City of Davis, 685 F.3d 867, 878 (9th Cir. 2012); see

also Headwaters Forest Def. v. County of Humboldt, 240 F.3d 1185,

1199 (9th Cir. 2001) ("Although the absence of deadly force or

physical blows can mean that a[n] intrusion on an arrestee is 'less

significant than most claims of force,' that fact alone is not

dispositive in excessive force cases.") (citation omitted); Tekle

v. United States, 511 F.3d 839, 845 (9th Cir. 2007) ("[T]he pointing

15

of a gun at someone may constitute excessive force, even if it does not cause physical injury.").

The Complaint is not always clear as to whether the excessive force allegedly applied by Defendants was directed at Plaintiff or at others who are not parties to this action, or whether it included any degree of physical harm. "'In the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties.'" See Martin v. California Dep't of Veterans Affairs, 560 F.3d 1042, 1050 (9th Cir. 2009) (quoting Powers v. Ohio, 499 U.S. 400, 410 (1991)). Additionally, Plaintiff is proceeding pro se. The right of non-attorneys to represent themselves is personal and may not be extended to allow them to appear as attorneys on behalf of others. Johns v. County of San Diego, 114 F.3d 874, 876-77 (9th Cir. 1997). Accordingly, the Complaint must be dismissed, with leave to amend. In any amended complaint, Plaintiff should make clear what acts constituted excessive force, which specific Defendants are responsible, and how the application of excessive force harmed him personally. See, e.g., Khansari v. City of Houston, 14 F. Supp. 3d 842, 862 (S.D. Tex. 2014) (parents who witnessed officers taser their son with guns drawn failed to state a claim for excessive force where they did not "allege[] facts capable of showing that the police actions were directed at [them]").
\\
\\

16

**F.   Plaintiff Fails To State A Claim Based On His Coerced Confession**

Plaintiff summarily alleges that the agents obtained a confession through coercion in violation of his Fifth and Sixth Amendment rights. (Compl. at 4). The Ninth Circuit instructs that a civil rights claim alleging that law enforcement coerced a confession which was then used in a criminal proceeding arises under the Fifth Amendment's protection against compulsory self-incrimination. See Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012) ("Using a coerced confession against the accused in a criminal proceeding implicates this Fifth Amendment privilege."); see also Crowe v. Cnty. of San Diego, 608 F.3d 406, 430-31 (9th Cir. 2010) (police officers who obtained confession through coercion were a "proximate cause" of the confession's introduction in criminal proceedings and thus were proper defendants in civil rights action alleging Fifth Amendment violation). A coerced statement is "used" in a criminal case not only if it is admitted at trial, but also "when it has been relied upon to file formal charges against the declarant, to determine judicially that the prosecution may proceed, and to determine pretrial custody status." Stoot v. City of Everett, 582 F.3d 910, 925 (9th Cir. 2009).

The Complaint alleges that the agents "coerced" his confession, but it does not identify whether one or all of the agents participated in the coercion. The Complaint also does not

plead that the confession was ever used, only that it was obtained. Accordingly, the Complaint must be dismissed, with leave to amend.

**G.    The Complaint Violates Federal Rule of Civil Procedure 8**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)).  Rule 8 may be violated when a pleading "says too little," and "when a pleading says too much."  Knapp v. Hogan, 738 F.3d 1106, 1108 (9th Cir. 2013) (emphasis in original).

The Complaint violates Rule 8 because Plaintiff does not clearly identify the nature of each of the legal claims he is bringing, the specific facts giving rise to each claim, or the specific Defendant or Defendants against whom each claim is brought.  Without more specific information, Defendants cannot respond to the Complaint.  See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (a complaint violates Rule 8 if a defendant would have difficulty understanding and responding to the complaint).  Accordingly, the Complaint is dismissed, with leave to amend.

\\

\\

\\

**V.**

**CONCLUSION**

For the reasons stated above, the Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order within which to file a First Amended Complaint. In any amended complaint, the Plaintiff shall cure the defects described above. **Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the original complaint.** The First Amended Complaint, if any, shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to any previously filed complaint in this matter.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, <u>a copy of which is attached.</u>** In any amended complaint, Plaintiff should identify the nature of each separate legal claim and make clear what specific factual allegations support each of his separate claims. Plaintiff is strongly encouraged to keep his statements concise and to omit irrelevant details. **It is not necessary for**

Plaintiff to cite case law, include legal argument, or attach exhibits at this stage of the litigation. Plaintiff is also advised to omit any claims for which he lacks a sufficient factual basis.

Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey court orders pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for Plaintiff's convenience.

DATED:  March 15, 2018

_____/S/_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

THIS DECISION IS NOT INTENDED FOR PUBLICATION IN LEXIS, WESTLAW OR ANY OTHER LEGAL DATABASE.